FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY SALCEDO,

             Petitioner - Appellant,

v.

DAVE DAVEY, Warden,

             Respondent - Appellee.

No. 13-56661

D.C. No. 2:10-cv-03882-GHK-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted June 6, 2016
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

    Gary Salcedo (Salcedo) appeals the district court's decision denying his

petition for a writ of habeas corpus. Salcedo asserts that his trial counsel was

ineffective because he failed to include a preliminary hearing transcript as part of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

the motion for a new trial. Salcedo also asserts that the prosecution presented false evidence at his trial in violation of *Napue v. Illinois*, 360 U.S. 264 (1959), and withheld material impeachment evidence concerning its key witness in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Finally, Salcedo contends that the district court erred in not holding an evidentiary hearing.[1]

**1.** The California Court of Appeal reasonably applied the *Strickland*[2] prejudice standard in addressing Salcedo's ineffective assistance of counsel claim. *See Mann v. Ryan*, 828 F.3d 1143, 1152-57 (9th Cir. 2016). The United States Supreme Court has explained that state court decisions must be "given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Thus, the California Court of Appeal's citation to *Strickland* is sufficient to show that it applied the correct prejudice standard, even if the "reasonable probability" language was omitted from its analysis. *See id.* (emphasizing the "presumption that state courts know and follow the law") (citations omitted). Further, the California Court of

---

[1] We decline to address the uncertified issues raised by Salcedo because he has not "made a substantial showing of the denial of a constitutional right" regarding those claims. *Murray v. Schirro*, 745 F.3d 984, 1002, 1015 (9th Cir. 2014) (citation and internal quotation marks omitted).

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

Appeal's prejudice determination was not "so lacking in justification that there was" no "possibility for fairminded disagreement," because the jury was aware of the facts contained in the preliminary hearing transcript. *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**2.** Even in the absence of an explicit ruling, we presume that a "state court adjudicated [a] claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams*, 133 S.Ct. 1088, 1094 (2013) (citation omitted). Here, the evidence does not lead "very clearly" to the conclusion that the state court inadvertently overlooked Salcedo's *Brady* and *Napue* claims in his state habeas petition to permit *de novo* review. *Cf. Murdaugh v. Ryan*, 724 F.3d 1104, 1121-22 (9th Cir. 2013) (applying *de novo* review of federal habeas claim where "'the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court,'" especially "in light of the state post-conviction court's otherwise careful consideration and evaluation of every other claim in [the state habeas] petition." (quoting *Johnson*, 133 S.Ct. at 1097)). Thus, we must consider whether any reasonable theory could have supported the state court decision. *See Bemore v. Chappell*, 788 F.3d 1151, 1161 (9th Cir. 2015). In this case, the California Court of Appeal could have reasonably

3

determined that the *Napue* and *Brady*[3] claims failed because the allegedly false statements and withheld evidence were cumulative and therefore immaterial. *See United States v. Agurs*, 427 U.S. 97, 110-14 (1976); *see also United States v. Renzi*, 769 F.3d 731, 751-52 (9th Cir. 2014). The jury was aware of the witness's alleged gang membership, and the record reflects no demonstrably false testimony.

**AFFIRMED.**

---

[3] It also would have been reasonable for the California Court of Appeal to deny Salcedo's *Brady* claim on the ground that Salcedo failed to establish that the claimed evidence was not disclosed. Speculation that evidence was suppressed does not support a *Brady* claim, and absent evidence that the prosecution withheld evidence favorable to Salcedo, his *Brady* claim is conclusory. *See Runningeagle v. Ryan*, 686 F.3d 758, 769 (9th Cir. 2012) ("[T]o state a *Brady* claim, [a petitioner] is required to do more than merely speculate" about potentially favorable and material evidence.)

4